IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-2953-WJM-KMT

RICARDO LEZAMA, on his own behalf and on behalf of all others similarly situated

    Plaintiff,

v.

TALL PINES PAINTING, INC., and
BRYAN KELLY,

    Defendants.

---

**ORDER DENYING MOTION TO DISMISS AND LIFTING STAY OF BRIEFING ON COLLECTIVE ACTION CERTIFICATION**

---

Plaintiff Ricardo Lezama ("Lezama") has sued his former employer, Tall Pines Painting, Inc. ("Tall Pines") and its manager, Bryan Kelly (together, "Defendants"), for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (ECF No. 8.) Defendants have moved to dismiss for failure to state a claim. (ECF No. 11.) For the reasons stated below, Defendants' motion will be denied and briefing will resume on the question of collective action certification.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II.  FACTS

Tall Pines is in the house-painting business. (ECF No. 8 ¶ 1.) Lezama was one of Tall Pines's employees. (*Id.* ¶¶ 1, 12.) Lezama alleges, among other things, that Tall Pines regularly required its employees to work more than forty hours per week without overtime, and refused to pay its employees for time spent traveling from Tall Pines's facilities to a worksite and back. (*Id.* ¶¶ 19–21.) Lezama alleges that these actions violate the FLSA. (*Id.* ¶¶ 37–56.)

## III.  ANALYSIS

The FLSA regulates "enterprise[s] engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). An "'[e]nterprise engaged in commerce or in the production of goods for commerce' means," among other things, "an enterprise that * * * has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." *Id.*

§ 203(s)(1)(A)(I). Lezama alleges that Tall Pines meets this definition because Tall Pines employees "handled goods, such as paint and paintbrushes, which moved in interstate commerce." (ECF No. 8 ¶ 25.)

Tall Pines contends that this allegation is conclusory and that "the Court cannot reasonably infer interstate commerce activities from the mere reference to the terms *paint* or *paintbrushes*." (ECF No. 11 at 4 (emphasis in original).) The Court disagrees. At the pleading stage, it is far more than "plausible on its face," *Ridge at Red Hawk*, 493 F.3d at 1177, that paint and paintbrushes moved in interstate commerce before reaching Tall Pines's employees.

In defense of its position, Tall Pines cites two recent district court decisions, but the Court does not find either one applicable here. The first decision is *Topp v. Lone Tree Athletic Club, Inc.*, 2014 WL 3509201(D. Colo. July 15, 2014), where this Court refused to grant default judgment in a FLSA case because the plaintiff had alleged no more than that the defendant was "an enterprise engaged in interstate commerce or in the production of goods for consumers. . . . [N]owhere in the complaint does Plaintiff allege the kind of services Defendant provides to customers or whether such services are tied to interstate commerce." *Id*. at *6–7 (internal quotation marks omitted). That is not Lezama's situation. Lezama has specifically and plausibly alleged that Tall Pines's paint and paintbrushes moved in interstate commerce. (ECF No. 8 ¶ 25.)

The second decision is *Kalinich v. Grindlay*, 2014 WL 3740439 (D. Kan. July 30, 2014). Like *Topp*, *Kalinich* is a default judgment ruling, and it cites *Topp* in support of its refusal to grant default judgment. Like *Topp*, the plaintiff in *Kalinich* had repeated

the statutory words without providing any details:

> The plaintiff's complaint offers such conclusory and formulaic recitations as the defendants are "engaged in interstate commerce and/or in the production of goods for commerce" and "Plaintiff and other similarly situated employees were engaged in commerce and/or worked for Defendants, which were enterprises engaged in commerce."

*Id*. at *1.  As already noted, that is not Lezama's situation.  Lezama has pleaded more than just the statutory words.  He has instead given specific examples of Tall Pines's connection to interstate commerce.  Accordingly, Lezama has adequately pleaded the jurisdictional applicability of the FLSA.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Tall Pines's Motion to Dismiss First Amended Complaint (ECF No. 11) is DENIED; and

2. The stay of briefing on collective action certification (ECF No. 13) is LIFTED.  Defendants shall file their response to Lezama's Motion for Conditional Collective Action Certification (ECF No. 4) no later than May 4, 2015.  Lezama shall file his reply, if any, no later than May 18, 2015.

Dated this 13th day of April, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4